Dear Mr. Ballay and Mr. Nungesser,
You have requested an opinion of this office as to whether it was appropriate for the former District Attorney of Plaquemines Parish to enter into a Memorandum of Understanding on behalf of the district attorney's office with the Plaquemines Parish Government, to effectuate the transfer of $500,000 of discretionary funds from the district attorney's office to the parish government. Although not mentioned in the Memorandum of Understanding, in his presentation to the parish council, the former district attorney requested the funds be used in support of the parish government's volunteer fire departments.
We do not dispute that the district attorney has some discretion in determining how to expend the funds of his office. See La.R.S. 16:16; La.R.S. 16:16.1; La.R.S. 15:571.11. However, he cannot spend or transfer any public funds if doing so would violate La.Const. Art. VII, Sec. 14(A), which provides as follows:
 "Section 14(A) Prohibited Uses. Except as otherwise provided by this constitution, the funds, credit, property, or things of value of the state or of any political subdivision shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private . . .'
In Board of Directors of the Industrial Development Board of the Cityof Gonzales, Louisiana, Inc. v. All Taxpayers, Property Owners, Citizensof the City of Gonzales, et al., 938 So.2d 11, 2005-2298 (La. 9/6/06) (the "Cabela's" case), *Page 2 
the Louisiana Supreme Court abandoned its prior analysis in City of PortAllen. v. Louisiana Mun. Risk Mgmt. Agency, Inc., 439 So.2d 399 (La. 1983), and articulated a new standard of review governing La.Const. art. VII, § 14(A), stating that La.Const. Art. VII, § 14(A) "is violated when public funds or property are gratuitously alienated."Cabela's, 938 So.2d at 20.
In light of the Cabela's case, it is the opinion of this office that in order for an expenditure or transfer of public funds to be permissible under Art. VII, Sec. 14(A), the public entity must have the legal authority to make the expenditure and must show: (i) a public purpose for the expenditure or transfer that comports with the governmental purpose the public entity has legal authority to pursue; (ii) that the expenditure or transfer, taken as a whole, does not appear to be gratuitous; and (iii) that the public entity has a demonstrable, objective, and reasonable expectation of receiving at least equivalent value in exchange for the expenditure or transfer of public funds.
While we agree that funding firefighters constitutes a legitimate public purpose, it is not a public purpose the district attorney's office is authorized to pursue. We also cannot conclude that the transfer of $500,000.00 from the district attorney's office to the parish government is non-gratuitous. We have not been provided with any evidence that the district attorney's office received anything at all, and certainly not equivalent value, for the funds it transferred. The Cabela's standard places a strong emphasis on the reciprocal obligations between the parties to ensure that there is not a gratuitous donation of public funds. It appears that the district attorney's office is doing all the transferring and the parish government is doing all the receiving in the transfer contemplated in the Memorandum of Understanding. There is no exchange of obligations between the offices. There is little doubt the citizens of Plaquemines Parish would benefit from their governing authority receiving $500,000 to spend for the fire departments, but the question is what the entity transferring the funds (the district attorney's office) is receiving in exchange for the funds it transfers.[1]
Attached to the Memorandum of Understanding is a private opinion letter addressing the constitutionality of this transfer of public funds. It provides in part, *Page 3 
 "Darryl W. Bubrig, Sr., as District Attorney, 25th
Judicial District in and for the Parish of Plaquemines, State of Louisiana, elects to transfer funds from discretionary accounts that his office has accumulated over the years that he has held for the Parish of Plaquemines, State of Louisiana, a political subdivision of the State of Louisiana directly funded by the Plaquemines Parish Government, a public agency, which has provided over 90% of his office's budget this year alone. Clearly this is not a gratuitous alienation of public funds."
The fact that the parish government provides funding to the district attorney's office does not make the transfer non-gratuitous. Statutory and case law clearly place the duty to meet the reasonable and necessary expenses of the district attorneys office on the police juries they serve. See Reed v. Washington, 518 So.2d 1044 (La. 1988) (stating, "we conclude [R.S.] 16:6 creates a mandatory duty on the part of the police jury to fund the 16:6 expenses of the district attorney's office in their entirety."). Plaquemines Parish is legally obligated to provide funding for the district attorney's office and does not do so in exchange for any money from the district attorney's office.
Accordingly, it is the opinion of this office that the transfer of $500,000.00 of funds by the former district attorney from one of the office's discretionary accounts to the Plaquemines Parish Government is an unconstitutional donation. All funds transferred to the parish government through this illegal donation are the property of the office of the district attorney and must be returned.
We trust this adequately responds to your request. However, if our office can be of further assistance, please do not hesitate to contact us.
 Yours very truly,
 JAMES D. "BUDDY" CALDWELL
 Attorney General
 BY: __________________________
 Lindsey K. Hunter
 Assistant Attorney General
 JDC/LKH/crt
[1] In Atty. Gen. Op. No. 90-652, a very similar factual scenario was considered. The opinion concluded, "The parish governing authority has a legal obligation to fund the necessary operating expenses of the office of the district attorney. However, there is no constitutional or statutory provision noted obligating the district attorney to reimburse parish governing authorities for mandated funding whenever the office of district attorney accumulates an operating surplus. There being no underlying legal obligation or authority for these transfers of public funds between governmental entities, they are unconstitutional donations." Of course, this analysis was applying the standard from Cityof Port Allen. v. Louisiana Mun. Risk Mgmt. Agency, Inc., 439 So.2d 399(La. 1983), that is now "an unworkable and incorrect interpretation of La.Const. art. VII, Sec. (A)." Cabela's, 938 So.2d at 23. However, for the reasons stated in this opinion, we reach the same conclusion underCabela's.